Benigno MARTINEZ–MENDEZ and
Maria Del Rosario Martinez,
Petitioners,

v.

John D. ASHCROFT, Respondent.*

No. 02–3421.

United States Court of Appeals,
Seventh Circuit.

Submitted Oct. 21, 2003.**

Decided March 12, 2004.

Ralph M. Schelly, Chicago, IL, for Petitioners.

George P. Katsivalis, Department of Homeland Security, Office of the District Counsel, Chicago, IL, Richard M. Evans, Department of Justice, Civil Division, Immigration Litigation, Washington, DC, for Respondent.

Before BAUER, DIANE P. WOOD, and EVANS, Circuit Judges.

### ORDER

Benigno Martinez–Mendez and his wife Maria Del Rosario Martinez appeal from the final order of the Board of Immigration Appeals (BIA) affirming, without opin-

---

\* The petition for review correctly identified the Immigration and Naturalization Service ("INS") as the respondent in this case. See 8 U.S.C. § 1105a(a)(3) (1994). On March 1, 2003, the INS ceased to exist as an independent agency within the United States Department of Justice, and its functions were transferred to the newly formed Department of Homeland Security. See Homeland Security Act of 2002, Pub.L. No. 107–296, 116 Stat. 2135 (Nov. 25, 2002). This petition for review challenges the final order of the Board of Immigration Appeals, which, at present, is still a component of the Department of Justice. Attorney General John D. Ashcroft is therefore substituted for the INS as respondent.

\*\* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a)(2); Fed. R.App. P. 34(f).

ion, the decision of the Immigration Judge (IJ) denying their applications for cancellation of removal and voluntary departure.

The Martinezes are Mexican citizens who entered the United States without inspection. The precise dates of their respective entries are unclear: Mr. Martinez testified that he entered on November 10, 1989, but later both he and his wife testified that he entered in November 1986. Likewise, Mrs. Martinez initially indicated that she entered the United States on October 19, 1989, but later stated that she entered on October 12, 1989. The couple have a son who was born in Chicago in 1993.

On November 18, 1999, the Immigration and Naturalization Service (INS) issued Notices to Appear to Mr. and Mrs. Martinez, alleging removability under former Section 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA). That section provided for the removal of aliens present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General. At their hearing before the IJ, the Martinezes conceded removability and requested relief in the form of cancellation of removal, see 8 U.S.C. § 1229b, and voluntary departure, see 8 U.S.C. § 1229c. On December 20, 2000, the IJ ordered both of them removed to Mexico. The BIA affirmed without opinion, using its streamlining procedure, see 8 C.F.R. § 1003.1(a)(7).

To be eligible for cancellation of removal an alien must establish that (1) she "has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application"; (2) she "has been a person of good moral character during such period"; (3) she has not been convicted of various specified offenses; and (4) her "removal would result in excep-

tional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1229b(b)(1). The IJ concluded that, while Mr. Martinez had established that he was of "good moral character," he had not met his burden with respect to the continuous physical presence and extreme hardship requirements. In addition, the IJ found that the Martinezes were "highly equivocal" regarding their ability to raise sufficient funds to pay for their transportation to Mexico, and thus denied them voluntary departure.

■ On appeal, the Martinezes raise two claims, one substantive and one procedural. First, they contend that the IJ misinterpreted their statements regarding their ability to pay for voluntary departure, and that he failed to accord appropriate weight to the evidence that they submitted on two elements: continuous physical presence in the United States and the hardship that would result from their removal. Second, they argue that the BIA should not have used its its summary affirmance procedure in this case. Neither claim can get off the ground. Under 8 U.S.C. § 1252(a)(2)(B), this court lacks jurisdiction to review "any judgment regarding the granting of relief under section ... 1229b [and] 1229c." We have interpreted this jurisdiction-stripping provision to extend only to discretionary decisions by the IJ. Thus, if the Martinezes were complaining about nondiscretionary determinations such as the proper interpretation of one of the eligibility criteria for cancellation of removal, we would have jurisdiction. See *Fornalik v. Perryman*, 223 F.3d 523, 532 (7th Cir.2000) (acknowledging that a case may fall outside the scope of 8 U.S.C. § 1252(a)(2)(B) if it "challeng[es] a pure error of law[,] ... not an exercise of discretion"). In this case,

however, the objection goes to inherently discretionary aspects of the IJ's decision, including, most significantly, the IJ's determination of the weight of the evidence and the credibility of the testimony. If § 1252(a)(2)(B) applies to anything, it must apply to this type of argument. Thus, we have no jurisdiction over this portion of the Martinezes' appeal.

█ We likewise are unable to provide any relief to the Martinezes based on the BIA's use of its streamlining procedure. Under the summary affirmance procedure found in 8 C.F.R. § 1003.1(a)(7), the BIA may affirm without opinion in cases in which one BIA member "determines that the result reached in the decision under review was correct; that any errors in the decision under review were harmless or nonmaterial," and that the issues on appeal are either clearly governed by precedent or not substantial. In the circumstances of this case, the BIA's use of the streamlined procedure did not harm the Martinezes: their appeal is fact-dependent and, "[s]ince we review directly the decision of the IJ when a case comes to use from the BIA pursuant to [the streamlining provision], our ability to conduct a full and fair appraisal of the petitioner's case is not compromised, and the petitioner's due process rights are not violated." *Georgis v. Ashcroft,* 328 F.3d 962, 967 (7th Cir. 2003).

For these reasons, we DENY the petition for review and AFFIRM the decision of the Board of Immigration Appeals.